# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

v.

## Michael A. HEXIMER
### Aviation Survival Technician Second Class, U.S. Coast Guard

### CGCM 0333
### Docket No. 1434

### 17 April 2017

General Court-Martial convened by Commander, First Coast Guard District.  Tried at Boston, Massachusetts, on 15 July 2015.

| | |
|---|---|
| Military Judge: | CAPT Christine N. Cutter, USCG |
| Trial Counsel: | LCDR Michael C. Petta, USCG |
| Assistant Trial Counsel: | LT Grace E. Oh, USCGR |
| Civilian Defense Counsel: | Mr. Greg Gagne, Esq. |
| | Mr. Keith Scherer, Esq. |
| Assistant Defense Counsel: | LT John D. Cella, JAGC, USN |
| Appellate Defense Counsel: | LT Philip A. Jones, USCGR |
| | LCDR Michael J. Meyer, USCG |
| Appellate Government Counsel: | LT Lars T. Okmark, USCGR |
| | LT Tereza Z. Ohley, USCGR |

### BEFORE
### McCLELLAND, BRUCE & JUDGE
Appellate Military Judges

McCLELLAND, Chief Judge:

Appellant was tried by general court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of two specifications of willfully disobeying a superior commissioned officer, in violation of Article 90, Uniform Code of Military Justice (UCMJ); four specifications of assault and battery, in violation of Article 128, UCMJ; and one specification of unlawful entry, in violation of Article 134, UCMJ.  The military judge sentenced Appellant to confinement for four years, reduction to E-1,

and a bad-conduct discharge. The Convening Authority approved the sentence. The pretrial agreement did not affect the sentence.

Before this court, Appellant has assigned as error that his sentence is inappropriately severe. We do not view the sentence as inappropriately severe.

### Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.

Judge JUDGE concurs.

BRUCE, Judge (concurring):

I concur in the court's finding that Appellant's sentence is not inappropriately severe. Without the two specifications under Article 90, Appellant faced a maximum punishment of two years and six months. Due to the aggravated nature of the batteries and unlawful entries, a sentence at or near the maximum for those offenses is not inappropriate. While the convictions for the two specifications under Article 90 substantially increased Appellant's exposure to time in confinement, I am not persuaded that the military judge abused her discretion when sentencing Appellant. The sentence to four years confinement adjudged is well within the maximum confinement allowed, and there is no reason to believe that the military judge exceeded the sentence limits for any particular offense in deciding on that sentence.



For the Court,

Sarah P. Valdes
Clerk of the Court